UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT ALEXANDER,)
)   2: 13-cv-01176-PK
　　　Plaintiff,)
)
v.)
)
MAX WILLIAMS, COLLETTE PETERS,)   ORDER
BRENDA WHELAN, MICHAEL GOWER,)
STEVE SHELTON, FRANKE and)
LINDA GRUENWALD,)
)
　　　Defendants.)

SIMON, District Judge.

　　Pending before the Court in this prisoner civil rights action is defendants Shelton, Peters, Williams, Whelan and Gower's Motion for Judgment on the Pleadings [14].[1]  These defendants maintain that the allegations against them fail to state a claim for relief because plaintiff fails to allege any personal involvement by them in the alleged deprivation of his constitutional rights.

---

　　[1] Plaintiff's unopposed Motion to Dismiss [19] defendant Franke from this action is GRANTED.

1 - ORDER

Specifically, they contend that plaintiff's "conclusory allegations that [they] were aware of his medical condition through grievances are insufficient to state a claim for relief under § 1983." Defendants insist that mere awareness of plaintiff's claims through unspecified grievances or other inmate communications is insufficient as a matter of law to demonstrate that they acquiesced in the denial of his constitutional rights. Rather, they contend that viable claims against them as supervisors must allege which specific actions or inactions were directed and approved by them.

In addition, the moving defendants maintain that plaintiff's failure to allege when he submitted particular grievances or inmate communications to the individual defendants and to identify what actions or inactions these individual defendants took in response to these submissions is further support for their contention that he has failed to state a claim against them. Defendants' Reply [24] at 2 (citing *Alexander v. Williams*, 6: 11-cv-6215-PK (D.Or., Nov. 25, 2013)).

For his part, plaintiff states that he made these defendants aware the lack of care he was receiving through the grievance system and many inmate communications. He maintains that his allegations are far from conclusory, that defendants were aware of his medical condition, and that his allegations that their actions or inactions in failing to provide him adequate medical treatment

2 - ORDER

are sufficient to state a claim for relief. However, in a supplemental response in opposition, plaintiff seeks leave to file an amended complaint in the event that the Court concludes that the allegations in his original complaint are insufficient to state a claim against defendants Shelton, Peters, Williams, Whelan and Gower. Plaintiff's Response [29] at 2. Notably too, in his supplemental response, plaintiff makes specific allegations against defendants Whelan, Shelton, Gower and the then acting director wherein he references specific grievances and responsive action/inaction by these defendants. *Id.* at 2-4.

## DISCUSSION

### A. Legal Standard for 12(c) Motion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). After the defendant has answered the complaint, a party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to a Rule 12(b)(6) motion. "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). When analyzing a Rule 12(c) motion, the allegations made by the non-moving party are

3 - ORDER

considered true. *Id.*

To survive a Rule 12(c) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)(citation omitted). This requires that the complaint plead facts which allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Dismissal with prejudice and without leave to amend is not appropriate, unless it is clear that the complaint could not be saved by amendment. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012)(citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(per curium)).

B. **Personal Participation of Defendants**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*; *Daniels v. Williams*, 474 U.S. 327, 3301-31 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three

4 - ORDER

elements, his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. The plaintiff may have suffered harm, even due to another's negligent conduct, but that does not in itself necessarily demonstrate an abridgement of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no respondeat superior liability under Section 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Sc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the

5 - ORDER

denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *accord Proctor v. Applegate*, 661 F.Supp.2d 743, 765 (W.D.Mich. 2009); *Stocker v. Warden*, No. 1:07-CV-00589, 2009 WL 981323, at *10(E.D.Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7(D.Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)(a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

Here, the state's arguments are well taken. Plaintiff only alleges claims against defendants Shelton, Peters, Williams, Whelan and Gower based on respondeat superior or on their "awareness" of his medical issues through unspecified grievances and other inmate communications. As discussed above, neither is sufficient to state a claim for relief under § 1983. Accordingly, defendants' Motion is granted and the claims against the subject defendants will be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, defendants' Motion for Judgment on the Pleadings [14] is GRANTED and plaintiff's Complaint [2] is

6 - ORDER

dismissed as to defendants Shelton, Peters, Williams, Whelan and Gower with leave to file an amended complaint curing the noted deficiencies within 30 days of the date of this Order.

In addition, plaintiff's unopposed Motion to Dismiss [19] Franke as a defendant is GRANTED. Finally, the parties' respective motions for extension of time [25] and [27] are GRANTED as follows: the deadline to file discovery, dispositive and pretrial motions is extended to February 24, 2014.

IT IS SO ORDERED.

DATED this __13th__ day of January, 2014.

_____
Michael H. Simon
United States District Judge

7 - ORDER