IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT DALE ALEXANDER**,

        Plaintiff,

  v.

**MAX WILLIAMS, et al.**,

        Defendants.

Case No. 2:13-cv-1176-PK

**ORDER ADOPTING FINDINGS AND RECOMMENDATION**

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Paul Papak issued Findings and Recommendation ("F&R") in this case on December 31, 2014. Dkt. 110. Judge Papak recommended that Defendant Linda Gruenwald's motion for summary judgment (Dkt. 66) be granted and that summary judgment also be granted in favor of the only other remaining defendant, Bill Hoefel.[1]

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). For those portions of a magistrate's findings and recommendations to which

---

[1] It appears that Mr. Hoefel has not properly been served and the F&R recommends granting summary judgment in favor of Mr. Hoefel because it is not possible for Plaintiff to state a claim against Mr. Hoefel. The claims against all other defendants previously were dismissed.

PAGE 1 – ORDER ADOPTING FINDINGS AND RECOMMENDATION

neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Plaintiff timely filed an objection. Dkt. 113. Plaintiff argues that Judge Papak erroneously found that there is no issue of material fact that Defendant Gruenwald acted with deliberate indifference to Plaintiff's serious medical needs, thereby violating Plaintiff's Eighth Amendment rights. The Court has reviewed *de novo* those portions of the F&R, the briefing before Judge Papak, Plaintiff's objections, and Defendant Gruenwald's response. The Court agrees with and adopts Judge Papak's reasoning regarding whether the alleged conduct of Defendants meets the subjective component of the two-part test used in analyzing alleged Eight Amendment violations.

PAGE 2 – ORDER ADOPTING FINDINGS AND RECOMMENDATION

Jail officials have broad discretion to determine medical care, and an inmate is not entitled to the treatment he wants. *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970). Differing treatment options are at the discretion of the medical professionals and even if the delay in providing Plaintiff a fiber supplement was medically erroneous (which is not clear from the record), it cannot be characterized as a disregard for an excessive risk of inmate health. *Snipes v. DeTella*, 95 F.3d 586, 590-91 (7th Cir. 1996); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976). At most, Plaintiff's claim is that he was treated negligently by the delay in the provision to him, free of charge, of a fiber supplement. But negligent treatment does not support an Eighth Amendment claim. *Estelle*, 429 U.S. at 106-07; *Snipes*, 95 F.3d at 590-91. Plaintiff fails to raise a genuine issue of material fact that he was treated with deliberate indifference to a serious medical need with respect to his fiber supplement.

## CONCLUSION

The Court **ADOPTS** Judge Papak's Findings and Recommendation, Dkt. 110. Defendant Gruenwald's motion for summary judgment (Dkt. 66) is GRANTED. Further, judgment shall be entered in favor of all Defendants and this case is dismissed with prejudice. The Court further finds that any appeal from this Order would not be taken in good faith and Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

DATED this 4th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge